UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:14CV-P177-GNS

**MARCUS J. LAWRENCE SR.**                                                             **PETITIONER**

v.

**AARON SMITH** *et al.*                                                                      **RESPONDENTS**

**MEMORANDUM OPINION**

Petitioner Marcus J. Lawrence Sr. filed a *pro se* petition and amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DNs 1 & 14). The § 2254 petitions are before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

In the petitions, Petitioner reports that he was convicted and sentenced by the Warren County Circuit Court on February 5, 2014, for the crimes of using, buying, selling, and tampering with drugs (Case No. 2012-CR-00150). Despite asserting that he has exhausted his available state remedies, Petitioner indicates that he filed a direct appeal of his conviction to the Kentucky Court of Appeals (Case No. 2014-CA-00315) and has received "no answer & no result." The Court takes judicial notice of the Kentucky Court of Appeals' public docket sheet for Petitioner's appeal, *see* http://apps.kycourts.net/Appeals/COA_Dockets.shtm, which reveals that his appeal is still pending.

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b);[1] *Martin v. Mitchell*,

---

[1] Under § 2254(b)(1),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."). As the Supreme Court in *O'Sullivan v. Boerckel* explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Under Kentucky Rule of Criminal Procedure 12.05,

> In all appeals from criminal convictions or post-conviction relief matters a litigant shall not be required to petition for rehearing or to file a motion for discretionary review to either the Kentucky Court of Appeals or Kentucky Supreme Court following an adverse decision of either the circuit court or Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the appellate court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim. If rehearing or discretionary review is sought on less than all of the claims of error presented on appeal, the litigant, nevertheless, shall be deemed to have exhausted all available state remedies respecting the claim(s) of error for which rehearing or discretionary review is not sought. Finality of the opinion for all claims of error is governed by CR 76.30(2).

The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Because Petitioner admits, and the Kentucky Court of Appeals' docket sheet confirms, that his appeal is still pending, it is obvious that Petitioner has failed to exhaust his state remedies prior to filing this habeas action. As a matter of comity, this Court will not consider Petitioner's constitutional claims as long as he has an available state forum. *See O'Sullivan v. Boerckel*, 526 U.S. at 844 ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.").

By separate Order, therefore, the habeas petition and its amendment will be dismissed without prejudice. Once Petitioner has completely exhausted his available state remedies, he may file a new habeas petition in this Court.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. A certificate of appealability must, therefore, be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: August 19, 2015

                                                  **Greg N. Stivers, Judge**
                                                  **United States District Court**

cc:     Petitioner, *pro se*
        Respondent
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive,
           Frankfort, KY 40601

4416.005